Case 1:25-cv-00027   Document 20   Filed 02/12/26 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORDAN ZAMORANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-027 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

## ORDER AND OPINION

Petitioner Jordan Zamorano pled guilty to two counts of indecency with a child in a Texas state court, resulting in a 10-year prison sentence. The conviction became final in January 2024.

In February 2025, Zamorano collaterally attacked his conviction by filing a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. After a United States Magistrate Judge recommended that the Court deny the requested relief, Zamorano timely filed objections. (R&R, Doc. 18; Objs., Doc. 19) Given those objections, the Court applies de novo review to the R&R's findings and conclusions. FED. R. CIV. P. 72(b)(3). After conducting this review, and based on the record and the applicable law, the Court finds that Zamorano is not entitled to the relief that he seeks.

I. **Background**

   A. **Conviction and Direct Appeal**

In August 2018, Jane Doe–an eleven-year old girl–confided to her older sister that Zamorano, their cousin, had "touched her several times on the private parts of her body." (Probable Cause Aff., Doc. 12–8, 55) The older sister informed their mother, who immediately contacted the Primera Police Department.

A few days after the report, Jane Doe was interviewed at a Child Advocate Center. She stated that "several months ago[,]" Zamorano had "touched her several times on the private parts of her body." (*Id*)  The last occurrence had "been this past summer." (*Id.*)

The police department interviewed Jane Doe's mother, who shared that Jane Doe had told her that the sexual abuse "had happened several times during the past couple of years[.]" (Police Rpt., Doc. 12–8, 59)

Primera Police Chief Manuel Trevino then interviewed Zamorano, who admitted that he had touched Jane Doe inappropriately. Zamorano recalled that "it happened when he was 15 years old and that he was in 8th grade." (*Id.* at 56)

In October 2018, the State filed a criminal complaint against Zamorano, alleging that in July 2015, he committed Indecency with a Child. The Complaint noted Zamorano's date of birth as January 2000, meaning that he would have been 15 years old at the time of the alleged crime.

As Zamorano was a juvenile at the time of the offense, the juvenile court possessed "exclusive original jurisdiction" over the matter. TEX. FAM. CODE § 51.04(a). However, the State moved for discretionary transfer from juvenile court to state district court. Under the transfer statute, the State had to show by a preponderance of the evidence that Zamorano was between the ages of 15 and 17 when the criminal conduct occurred. *See* TEX. FAM. CODE § 54.02(j)(2)(C). The juvenile court granted the motion and transferred the case to state district court.

In May 2020, the State of Texas indicted Zamorano on three counts of Indecency with a Child by Contact, alleging that he committed the crimes in July 2016 and July 2017. Based on Zamorano's birth date of January 2000, he would have engaged in the alleged conduct at the ages of 16 and 17.

Zamorano pled guilty to Counts I and III, which alleged Indecency with a Child by Contact in July 2017.[1] As part of his guilty plea, Zamorano waived his right to appeal: "I expressly waive

---

[1] The trial court dismissed Count II.

2 / 14

all of my rights to appeal and I understand that waiver of my rights to prosecute an appeal is an express, material and binding element to my plea agreement." (Plea Agreement, Doc. 12–8, 12) The plea agreement capped Zamorano's sentence at 15 years incarceration. In September 2023, the trial court sentenced Zamorano to 10 years imprisonment for each count, with the sentences to run concurrently.

The following month, Zamorano moved for a reduced sentence, asking that the trial court impose a sentence of 10 years deferred adjudication probation. Zamorano based the motion on newly-developed evidence allegedly demonstrating that he was at very low risk for recidivism and that the interests of justice would be better served by placing him on probation. Zamorano submitted a report from Dr. Grover C. Rollins, who examined him and opined that sex counseling treatment would be "more efficacious in lieu of any prison time based on no present sexual risk to any children or adults in the community at this time." (Rollins Rep., Doc. 4, 8–13) In his report, Dr. Rollins stated that Zamorano "reports [that] at the age of 14 he inappropriately touched his 9-year old cousin's vagina and rubbed her breast area[.]" (*Id.* at 12) Dr. Rollins opined that Zamorano's "current situation is equivalent to an untreated juvenile that unfortunately his behavior was reported and charged as an adult." (*Id.* at 13) The trial court denied the motion.

Zamorano then filed his direct appeal. In December 2023, a Court of Appeals of Texas dismissed the appeal, noting that "appellant's counsel filed a response indicating he confirmed the case concluded with a plea-bargain and that the appellant does not have the right to appeal." (Order, Doc. 12–4, 2 (*Zamorano v. State*, No. 13-23-00451-CR, 2023 WL 8467780, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 7, 2023, no pet.))

**B. State Habeas Action**

In May 2024, Zamorano sought habeas relief in a Texas state court, alleging one ground: "Applicant's trial counsel rendered ineffective assistance when he failed to investigate the facts of the case to determine that Applicant was only 14-years-old at the time of the alleged offense."

(State Habeas App., Doc. 12–8, 22)  According to Zamorano, had his lawyers obtained the facts of his alleged true age at the time of the crime, "reasonably competent counsel would have successfully opposed [Zamorano's] discretionary transfer from juvenile court to adult court[.]" (*Id.*)  In addition, armed with the facts regarding his age, trial counsel could have used them at the sentencing hearing, and "there is a reasonable probability [Zamorano] would have received deferred-adjudication probation." (*Id.*)

Zamorano attached a Sworn Statement to his state habeas application.  He recounted that he told Police Chief Trevino that he (Zamorano) had been in 8th grade when the incident occurred.  When Police Chief Trevino asked Zamorano how old he was in the 8th grade, Zamorano "accidentally told him that I was 15-years-old." (Zamorano Decl., Doc. 12–8, 70)  Zamorano declared that he "was actually only 13-years-old and 14-years old in the 8th grade, which was 2013-2014." (*Id.*)  In addition, he stated that while he spoke with his trial counsel about the timing of the relevant events, his trial counsel "never asked me how old I was in the 8th grade." (*Id.* at 71)  Once in state district court, Zamorano questioned his trial counsel why he should plead guilty to an indictment alleging that he was 17 years old at the time of the offense, but his trial counsel "told me that my age at the time of the offense didn't matter anymore because I was now in adult court." (*Id.*)  He concluded his declaration by claiming that had he known "that the State had to prove that I was 15-years-old or older at the time of the offense, then I would not have pleaded guilty." (*Id.*)

Four months later, the Texas Court of Criminal of Appeals "denied" Zamorano's habeas application without explanation. (Order, Doc. 12–10, 1)  In doing so, the TCCA rejected Zamorano's claims on the merits, as opposed to issuing a procedural dismissal. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").  In November 2024,

Zamorano requested that the TCCA reconsider his writ application, which the TCCA declined to do the following month.

### C. Federal Habeas Action

In February 2025, Zamorano timely sought habeas relief in this Court under 28 U.S.C. § 2254. He re-urges the same grounds for habeas relief that he made in Texas state court.

## II. Standard of Review

Honoring principles of comity and federalism, Congress enacted the Anti-Terrorism and Effective Death Penalty Act "to impose significant limits on the discretion of federal courts to grant habeas relief." *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Under AEDPA, a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court considering a federal habeas petition must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). Considering this presumption, AEDPA provides only two circumstances under which a district court can grant relief for "any claim that was adjudicated on the merits in the state court proceedings." 28 U.S.C. § 2254(d). First, when the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Second, when the state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" *Simmons v. Epps*, 654 F.3d 526, 534 (5th Cir. 2011)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)); *see also Salazar v. Dretke*, 419 F.3d 384, 399 (5th Cir. 2005) (noting that a federal circuit court decision, "even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)").

When conducting a Section 2254 review, a federal habeas court presumes the underlying factual determinations of the state court to be correct, unless the inmate "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) ("As a federal habeas court, we are bound by the state habeas court's factual findings, both implicit and explicit."). When a state court does not provide an opinion explaining why it denied relief, "a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). A federal habeas court cannot grant relief unless it concludes that no fairminded jurist would agree with the state court's decision to deny relief. *Brown v. Davenport*, 596 U.S. 118, 135 (2022); *see also Sanchez v. Davis*, 936 F.3d 300, 304–05 (5th Cir. 2019) ("The key inquiry is whether there is any room for principled judicial disagreement? Could any fairminded jurist believe that the state court reasonably applied *Strickland* in rejecting Sanchez's ineffective-assistance claim? If yes, game over.").

### III. Analysis

Zamorano alleges that his trial counsel provided ineffective assistance by not adequately investigating his age at the time of the offense.

The familiar *Strickland* standard governs claims of ineffective assistance of counsel. The petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's failures prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has counseled that if a court can resolve an

ineffective assistance of counsel claim on the prejudice prong, it should do so. *Strickland*, 466 U.S. at 697; *see also Sanchez*, 936 F.3d at 306–07 (affirming denial of state habeas relief solely because the petitioner did not establish that counsel's actions prejudiced him).

When a district court reviews an ineffective assistance of counsel claim made in a state habeas petition, it must also defer to the state court's resolution of the claim. *Burt v. Titlow*, 571 U.S. 12, 15 (2013). In addition, a petitioner must overcome the strong presumption that counsel's performance fell within the wide range of acceptable assistance. *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). As a federal court must be deferential to both trial counsel's performance and the state court's adjudication of the habeas claim, the Supreme Court has described the review as "doubly deferential[.]" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *see also Burt*, 571 U.S. at 15 ("Because the [AEDPA] and [*Strickland*] do not permit federal judges to so casually second-guess the decisions of their state-court colleagues or defense attorneys, the Sixth Circuit's decision must be reversed.").

Zamorano alleges that trial counsel's purported failure to determine his age at the time of the offense prejudiced him by wrongfully causing his case to be transferred to district court, and by resulting in a custodial sentence, when a reasonable probability existed that he would have received deferred adjudication probation had the sentencing court known his true age at the time of the offense. The TCCA rejected these claims. Zamorano must demonstrate that no fairminded jurist could have reached this conclusion. In addition, as no Texas court explained its reasoning for denying Zamorano habeas relief, this Court considers any arguments or theories that could have supported the denial and that are consistent with Supreme Court precedent. *See Harrington*, 562 U.S. at 102.

For the following reasons, and based on the record and the applicable law, the Court concludes that Zamorano has not satisfied this high standard.

### A. Waiver

As an initial matter, a Texas state court could reasonably have concluded that by pleading guilty, Zamorano waived the right to challenge his conviction in habeas based on ineffective assistance of counsel.

"By entering a knowing and voluntary guilty plea, a convicted defendant waives all non-jurisdictional defects in the proper proceedings." *United States v. Broussard*, 882 F.3d 104, 109 (5th Cir. 2018). Non-jurisdictional defects include habeas claims based upon ineffective assistance of counsel, "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (affirming denial of habeas claim that was based, in part, on trial counsel's alleged failure to investigate various facts); *see also United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012) (affirming denial of claim of ineffective assistance in habeas action because petitioner did not establish "that counsel's actions affected the voluntariness of his plea"); *Clarke v. Cain*, 85 F.3d 624, 624 (5th Cir. 1996) (unpubl.) (affirming denial of "ineffective assistance of counsel based upon counsel's failure to file a motion to suppress or investigate possible defenses[,]" because petitioner's guilty plea waived those claims).

In the present case, the record demonstrates that Zamorano entered a knowing and voluntary plea of guilty before the trial court in Cameron County, Texas. He admits that he discussed his case with his trial counsel before his plea of guilty, and that he knew he was being tried as an adult, even if he had been a minor at the time of the crime. When he pled guilty to two counts of Indecency with a Child by Contact, Zamorano understood the crimes to which he was pleading guilty and the alleged dates of the offenses. Based on those dates, he could have

calculated his age at the time of the offense. These undisputed facts amply demonstrate that Zamorano knowingly and voluntarily pled guilty.

In fact, Zamorano does not directly challenge the voluntariness of his guilty plea. In his Petition, he does not allege as much, claiming instead that had his counsel provided effective counsel, the juvenile court would not have transferred the matter to district court, and that he would have received a lesser sentence. He does not allege innocence or that he would not have pled guilty absent the alleged inadequate representation that he received. It is true that in his Declaration, he claims that "[i]f I knew that the State had to prove that I was 15-years-old or older at the time of the offense, then I would not have pleaded guilty." (Declaration, Doc. 12–8, 71) But that assertion does not align with the allegations in his Petition.[2] And the record demonstrates that he fully understood the facts to which he pled guilty, including that he committed the crime in 2017, when he would have been 17 years old.

The issue of waiver alone could reasonably support the denial of Zamorano's habeas claims.

### B. Prejudice

Moreover, even if Zamorano's knowing and voluntary guilty plea did not preclude his habeas action claim based on ineffective assistance of counsel, the record and the applicable law provide ample grounds on which a Texas state court could reasonably conclude that Zamorano failed to show prejudice under the *Strickland* analysis. Zamorano falls far short of demonstrating that no fairminded jurist could reach such a conclusion.

### 1. Transfer to District Court[3]

Zamorano argues that had his counsel adequately investigated his age at the time of the

---

[2] In addition, the statement is inaccurate–i.e., the State would not have had to prove that Zamorano was at least 15 years old when he committed the offense. Rather, the State only had to demonstrate this fact to the juvenile court for purposes of seeking transfer of the matter to district court.

[3] The Court acknowledges that some uncertainty exists whether Zamorano's guilty plea waived his ineffective assistance challenge regarding the transfer to district court. Under Texas law, when a juvenile court improperly transfers a case to district court, it raises a jurisdictional issue. *See Moore v. State*, 446 S.W.3d 47, 52 (Tex. App.—Houston [1st Dist.] 2014), *aff'd*, 532 S.W.3d 400 (Tex. Crim. App. 2017). By contending that he was 14 when he committed the offense,

offense, the juvenile court would not have transferred the matter and would have been required to dismiss the charges.[4]

A juvenile court's determination of an accused's age at the time of the offense must be supported by "more than a scintilla of evidence[.]" *Matter of G.O.*, No. 05-19-01429-CV, 2020 WL 1472218, at *5 (Tex. App.—Dallas Mar. 26, 2020, no pet.). A comparison of the date alleged in the criminal complaint and the accused's birthdate constitutes more than a scintilla of evidence. *See e.g., Matter of K.W.*, No. 02-19-00323-CV, 2020 WL 98144, at *6 (Tex. App.—Fort Worth Jan. 9, 2020, no pet.) (affirming transfer order to district court because "the juvenile court [had] before it Appellant's date of birth and the alleged dates of the offenses, which constituted some evidence to support the juvenile court's findings regarding Appellant's age on the alleged dates of the offenses"). Additionally, when the state accuses a defendant of sexually assaulting a victim on multiple occasions, the evidence is sufficient to support transfer if it demonstrates that the alleged offender was within the statutory age range for at least some of the alleged criminal conduct. *See Matter of R.S.*, No. 11-19-00011-CV, 2019 WL 2557532, at *3 (Tex. App.—Eastland June 20, 2019, no pet.) (affirming transfer order because "the record contains legally and factually sufficient evidence from which the juvenile court could reasonably have concluded that Appellant was fourteen years of age or older, but under the age of seventeen, during the time that *some* of the alleged aggravated sexual assaults occurred") (emphasis added).

Applying these principles to the present matter, Zamorano fails to establish that no fairminded jurist could conclude that his counsel's alleged failure to investigate his age would have precluded transfer of the case to district court. The juvenile court could rely on the criminal

---

Zamorano alleges that the district court lacked jurisdiction to preside over the case. In essence, Zamorano alleges that his counsel's ineffective assistance created a jurisdictional defect in the proceedings, and that his guilty plea did not waive jurisdictional challenges.

[4] *See In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999) (explaining that once a defendant turns 18, the juvenile court's "jurisdiction is limited to transferring the case under section 54.02(j) if all criteria are satisfied or to dismissing the case, and does not include the power to adjudicate a juvenile who is eighteen years old or older"); *Matter of A.M.*, 577 S.W.3d 653, 672 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (dismissing a criminal conviction for lack of jurisdiction because the juvenile court improperly transferred the case to a district court).

complaint to compare the date of alleged offense (July 2015) with Zamorano's birthdate (January 2000) to conclude that he was at least 15 years old at the time of the alleged crime. *Matter of K.W.*, 2020 WL 98144, at *6. Even if trial counsel had challenged the date listed in the criminal complaint as incorrect, the State could have called Jane Doe as a witness to testify, consistent with her statements to investigators, that Zamorano engaged in indecent conduct on multiple occasions, including when Zamorano was between 15 and 17 years old. Indeed, Zamorano implicitly admits that Jane Doe alleged that the assaults took place when he was older than 15. (*See* Declaration, Doc. 12–8, 71 (asserting that "there was no evidence" of his age "other than my cousin's statement that this incident occurred when I was 15-years-old or older"))

In his Petition, Zamorano focuses his argument on the date that he admitted to Police Chief Trevino. But the record reflects that Jane Doe recounted multiple incidents, some of which could have supported transfer. Thus, the Court cannot conclude that no fairminded jurist could find that Zamorano failed to show prejudice in the form of the transfer of his case to district court, allegedly stemming from his trial counsel's failure to investigate his age.

### 2. Sentencing[5]

Zamorano also argues that if his trial counsel had established that Zamorano was only 14 years old at the time of the offense, "there is a reasonable probability that [he] would have received deferred adjudication probation." (Brief, Doc. 2, 10) The TCCA implicitly rejected this argument.

---

[5] Zamorano's guilty plea also may not have waived his ineffective assistance of counsel claim alleging that he would have received a reduced sentence. While a guilty plea waives all non-jurisdictional defects that occurred prior to its entry, other than claims regarding the voluntariness of the plea, district courts in Texas have concluded that such a waiver does not apply to claims based on events that occurred after the plea. *See, e.g., Kelley v. Davis*, No. 3:14-CV-2984-D (BH), 2016 WL 6902146, at *8 (N.D. Tex. Sept. 22, 2016), *report and recommendation adopted*, 2016 WL 6893677 (N.D. Tex. Nov. 21, 2016) (finding that the guilty plea did not waive claims regarding ineffective assistance at sentencing, but deeming those claims non-meritorious); *Baumgartner v. United States*, No. 2:09-CV-015, 2011 WL 3652335, at *3 (N.D. Tex. Aug. 3, 2011), *report and recommendation adopted*, 2011 WL 3678674 (N.D. Tex. Aug. 19, 2011) (finding that the guilty plea did not waive a claim that his lawyer failed to file a requested notice of appeal, but rejecting the claim on the merits).

And Zamorano fails to show that no fairminded jurist could reach this conclusion based on the *Strickland* prejudice prong.

Under Texas law, a sentencing court may "defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PRO. ART. 42A.101(a). For the sentencing court to afford deferred adjudication probation to a defendant who pleads guilty to a sex offense under Texas Penal Code § 21.11, the court must make "a finding in open court that placing the defendant on deferred adjudication community supervision is in the best interest of the victim." TEX. CODE CRIM. PRO. ART. 42A.102(a). Sentencing courts possess "utter discretion" as to the appropriateness of deferred adjudication. *Foster v. State*, No. 07-00-0202-CR, 2001 WL 836187, at *3 (Tex. App.—Amarillo July 25, 2001, no pet.) (affirming district court's imposition of a custodial sentence because "the decision to deny deferred adjudication is also beyond appellate review").

The record reflects that Zamorano sought deferred adjudication community supervision based on his young age at the time of the offense. When moving for reconsideration of his custodial sentence, Zamorano submitted the report of Dr. Rollins. In that report, Dr. Rollins stated that Zamorano "reports [that] at the age of 14 he inappropriately touched his 9-year old cousin's vagina and rubbed her breast area[.]" (Rollins Rep., Doc. 4, 12) Dr. Rollins opined that Zamorano's "current situation is equivalent to an untreated juvenile that unfortunately his behavior was reported and charged as an adult." (*Id.* at 13) Despite this evidence, the trial court denied the motion the day after its filing. *See* TEX. CODE CRIM. PRO. ART. 42A.202(e) (authorizing a judge to deny a post-sentencing motion to place a defendant on deferred adjudication probation "without holding a hearing"). This procedural history reveals that Zamorano had the opportunity to present his age to the sentencing court as a relevant factor, albeit in a post-sentencing motion, and the court found it insufficient to warrant deferred adjudication probation. Zamorano points to no evidence suggesting that had his trial counsel investigated Zamorano's age at an earlier stage

of the proceedings, that the sentencing court would have imposed a different sentence. And in no manner has Zamorano demonstrated that no fairminded jurist could have concluded that Zamorano failed to show prejudice at sentencing stemming from his trial counsel's alleged failure to properly investigate his age at the time of the offense.

## IV. Conclusion

For the reasons stated above, it is:

**ORDERED** that Petitioner Jordan Zamorano's Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**.

## V. Certificate of Appealability

Under AEDPA, a prisoner cannot seek appellate review from a lower court's judgment without receiving a Certificate of Appealability. *See* 28 U.S.C. § 2253(c). A district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, RULES GOVERNING § 2254 PETITIONS. "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Slack v. McDaniel*, 529 U.S. 473, 482 (2000).

A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). However, "any doubts as to whether a COA should issue must be resolved in [the petitioner's] favor." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. In making these determinations, courts view a petitioner's arguments "through the lens of [AEDPA's] deferential scheme[.]" *Druery v. Thaler*, 647 F.3d 535, 538 (5th

Cir. 2011). If a prisoner does not meet the applicable standard, "no appeal would be warranted." *Slack*, 529 U.S. at 484.

Zamorano raises important issues, and the Court has considered them carefully. Based on its review of the extensive record, the arguments of counsel as presented in their briefing, and the applicable law, including the AEDPA standards and controlling precedent, the Court finds that Zamorano has not made a substantial showing of the denial of a constitutional right.

As a result, it is:

**ORDERED** that no certificate of appealability shall issue.

The Clerk of Court is directed to close this case.

Signed on February 12, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge